MARY A. DRINAN, administratrix, *vs.* REBECCA A. NICHOLS & another.

Suffolk.    March 24. — June 27, 1874.    AMES & DEVENS, JJ., absent

A. executed a mortgage of real estate with a power of sale to B., and subsequently conveyed the equity of redemption to C. The mortgage note was deposited in a bank, and on two occasions, as the interest came due, notices were sent to A., who

collected the amount of C. and paid it to the bank. When the next instalment of interest was due, A. received the money of C., but did not pay it to the bank or to the mortgagee. When C. was informed that A. had not paid the interest, he sent word to the mortgagee's attorney that if A. did not pay the interest, he would. After this, and without giving notice to C., B. sold the estate, in good faith and in exact conformity to the provisions of the mortgage, to D., who acted in good faith and was the highest bidder at the sale. After D. had signed an agreement of purchase, but before the deed was executed to D., a bill in equity to redeem was brought by C. against B. and D. *Held*, that although A. was not the agent of B., and had not any authority to represent or act for him, when after a reasonable time it became evident that A. would not pay, notice should have been given to C., and that the bill could be maintained.

BILL IN EQUITY brought by the plaintiff as administratrix of the estate of Michael Drinan, against Rebecca A. Nichols and Clark R. Moore, to redeem an estate sold by the defendant Nichols to the defendant Moore under a power of sale contained in a mortgage made by John T. Pope to said Nichols; which estate had, after the execution of said mortgage, been conveyed by Pope to said Michael Drinan, subject to said mortgage.

The case was heard before *Ames*, J., who reserved it for the consideration of the full court upon the bill, answers and the following report:

" It appeared that the condition of the mortgage described in the plaintiff's bill of complaint had been broken by a failure to pay the semi-annual interest which became due July 18, 1873, and has remained unpaid ever since. I find also that the sale made in pursuance of the power was made in good faith and in exact conformity to the provisions of the mortgage deed; that Clark R. Moore was the highest bidder at the sale, which was for $4600; that he acted in entire good faith, and claims the benefit of his purchase; and that he signed, at the time of the sale, a written memorandum or agreement of purchase. The value of the estate at the time of the sale was proved to be at least $6200. No deed of conveyance to the purchaser Moore has yet been executed, the completion of the bargain having been interrupted by the filing of the plaintiff's bill. The plaintiff offers in her bill to pay all arrears upon the mortgage, with interest, and to indemnify the mortgagee for all the expenses incidental to or incurred in the advertising and selling of the property.

" It also appeared that the mortgage and note were made and executed by John T. Pope, who owned the equity of redemption,

and who conveyed the estate, subject to the mortgage, to Michael Drinan, who was the plaintiff's husband, and died intestate ; that the note for some time past had been deposited at a bank in Boston for the promisee ; and that the notices calling for the payment of interest as it became due were issued from the bank, addressed to said Pope ; and that the plaintiff had twice paid the amount of the semi-annual interest into the hands of Pope, to be by him paid to the bank.    But I do not find that Pope was the agent of, or had any authority to represent or act for, the mortgagee.    It appeared that after receiving from the bank the notice that interest had become due, Pope called upon the plaintiff, and she paid the money into his hands, with the expectation on her part and upon the understanding that he should at . once pay it at the bank, or to the mortgagee.    About the first day of September last, she became aware that Pope had not made the payment, and sent him a message to attend to the matter, which he promised to do without delay.    She also sent a messenger to the office of the mortgagee's attorney, which messenger reported to the plaintiff that he had left word that if Pope did not make the payment, she would pay it herself on notice. A student in that attorney's office testified that the messenger came there twice, and said that Pope had received the money and would make the payment ; but the witness had no recollection that any notice was agreed to be sent to the plaintiff."

The bill alleged that the plaintiff received notice from the attorney of Nichols, some time after the maturity of the interest, that the same had not been paid to the said Nichols, and that the plaintiff went immediately to the office of the said attorney, and stated to him the fact of payment to Pope, and requested the said attorney to inform her at once if Pope should not pay over said amount to him or to Nichols ; that Pope was immediately seen in regard to it, and that he faithfully promised to pay the amount over at once ; that the plaintiff did not hear from said attorney, and supposed Pope had paid the interest as promised ; that she heard nothing further of the matter until she heard that the property had been sold the day before.

The answer of the defendant Nichols admitted that Drinan became the owner and died seised of the estate ; and that the defendant received the interest on the mortgage from Pope or the

plaintiff until June, 1873, when notice that interest was due was sent by the bank to Pope; and denied, upon information and belief, that the plaintiff requested the defendants' attorney to inform her if Pope should fail to pay him, the said attorney, the interest due.

The answer of the defendant Moore alleged ignorance of the matter of the request, and averred that he was the highest bidder at the auction, and entitled to the property.

*E. Avery & G. M. Hobbs*, for the plaintiff.

*R. D. Smith & M. M. Weston*, for the defendants.

ENDICOTT, J. It appears by the report that John T. Pope, being the owner of the estate, made and executed the mortgage and note to the defendant Nichols, and afterwards conveyed the equity to Michael Drinan, the plaintiff's husband, who died intestate, leaving minor children, The note had been for some time deposited in a bank in Boston for the payee, and notices calling for the payment of interest as it became due were issued from the bank addressed to Pope. The plaintiff had twice paid the semi-annual interest to Pope on notice from him, and he had paid the same to the bank. The interest falling due July 18, 1873, a similar notice was issued by the bank to Pope, who called upon the plaintiff for the same, which she paid to him with the understanding that he would at once pay it to the bank or the mortgagee. This Pope did not do. On September 1, the plaintiff, learning he had neglected to pay it, sent him a message to attend to the matter, which he promised to do. It also appears that she sent word to the mortgagee's attorney that she had paid the money to Pope, and that if he did not pay it over, she would, upon notice. It is alleged in the bill and not denied by the answer, and appears by the report, that the plaintiff informed the attorney of the defendant Nichols that Pope had received the money and would make the payment; but the defendants' witness had no recollection that it was agreed that notice should be sent to the plaintiff if he did not.

After this the mortgagee advertised the estate for sale according to the form prescribed in the mortgage, and it was sold by public auction September 30, to one Moore. It is not claimed by the defendants that the plaintiff had actual notice of the intended sale.

The report finds that the mortgagee acted in good faith, and in strict compliance with the conditions imposed in terms by the power of sale. Although the mortgagee acted in good faith, and did all she supposed she was legally required to do in conforming to the terms imposed by the power, we do not think that acting as a trustee for sale, and her attorney knowing the position of the plaintiff, she paid proper regard to the interest and rights of her principal, the mortgagor, under whose power she undertook to make the sale.

Admitting, as the case finds, that Pope was not her agent, and had no authority to act for or to represent her, still she or her attorney well knew that through him the notices were sent, and the interest money paid by the plaintiff, and had notice, before she attempted to execute the power of sale, that the money to pay the interest due July 18 had been actually paid by the plaintiff to Pope for her, was in his hands, and that he had promised the plaintiff to pay it over. Whether upon these facts notice was agreed to be sent to the plaintiff if Pope failed to pay, is immaterial. The mortgagee knew that the plaintiff, as administrator of her husband's estate, intending to protect the interests of his minor children, had actually paid the money through the accustomed channel, and expected it would be paid by Pope to the mortgagee. With such knowledge of the position and expectation of the plaintiff, a proper execution of the power, and a due regard to the rights and interest of the mortgagor or those having his estate in the premises, required of the mortgagee, when after a reasonable time it became evident that Pope would not pay, that notice should be given to the plaintiff, and a bare compliance with the terms of the power was not sufficient. *Montague* v. *Dawes*, 14 Allen, 369. *Dyer* v. *Shurtleff*, 112 Mass.

The sale is therefore liable to be set aside in equity, no deed having been delivered, and the plaintiff is entitled to redeem upon terms equitable to all parties.

No question was made at the hearing of the right of the plaintiff to redeem. All formal objections on that point are taken to have been waived, and the question has therefore been considered on its merits. *Decree accordingly.*