CHARLES A. KING *vs.* SARAH A. BRONSON, administratrix, & another.

Worcester. Oct. 5, 1876. — Mar. 7, 1877. COLT & MORTON, JJ., absent.

A. executed a mortgage of real estate with a power of sale to B., and subsequently conveyed the equity of redemption to C. The mortgage provided that after the expiration of sixty days from the breach of any of the conditions named therein, the mortgagee or those claiming under him might sell the premises at public auction "without further notice or demand, except giving notice" by advertisement for three successive weeks in a newspaper. Upon breach of condition for non-payment of interest, all the notices by advertisement were duly given, but did not

state for what breach of condition the sale was made, and the sale took place as advertised.' Before the sale B. caused to be sent to A. by mail a copy of the paper containing the advertisement, and A. knew that the interest on the mortgage was in arrear, was informed that it must be paid and was asked where C. was. No formal demand was made upon A. It appeared that A. knew from some source that there was to be a sale of the property or some interest therein, and "without making proper inquiry carelessly but honestly assumed and believed that it was not to be a sale under the power contained in the mortgage made by him." . A. made no effort to ascertain the facts and did not attend the sale, at which the property was sold for less than its value. After the sale A. offered to redeem the mortgage and demanded an assignment thereof, was refused, and brought a bill in equity against B. and the purchaser, to redeem. *Held,* that the notices were not required to state for what breach of condition the sale was made; that mere inadequacy of price was not sufficient to invalidate the sale; and that A. could not maintain his bill.

BILL IN EQUITY, filed April 20, 1876, against Sarah A. Bronson, as administratrix of the estate of Alfred R. Bronson, and Charles W. Wood, to redeem land in Worcester from a mortgage.

The case was heard by *Devens,* J., who, at the request of the defendants, reported it to the full court as follows :

On April 1, 1873, the plaintiff mortgaged the estate to Alfred R. Bronson to secure the payment of $2000 payable on demand, with interest at the rate of eight per cent. per annum, payable semi-annually. The mortgage contained the following condition : " And provided also, that at any time after sixty days of a breach of any of the foregoing conditions, the grantee, his executors, administrators or assigns may sell and dispose of the granted premises, with all the improvements that may be thereon, at public auction ; such sale to be on or near the premises, without further notice or demand, except giving notice of the time and place of sale once at least in each of three successive weeks in one newspaper printed in the county of Worcester ; and in his or their own names or as the attorney of the grantor or his heirs or assigns, for that purpose by these presents duly authorized, convey the same or any part thereof absolutely and in fee simple to the purchaser or purchasers accordingly, and, out of the money arising from such sale, to retain all sums, then secured by this deed (whether then or thereafter payable) together with interest and all costs of any suit either on said note or mortgage and all expenses incurred in such sale ; paying the surplus, if any, to the grantor or his assigns, and such sale

shall forever bar the grantor and all persons claiming by or under him from all right and interest in the premises, at law or in equity. It being mutually agreed that the grantee or his assigns may purchase at said sale, and that no other purchaser shall be answerable for the application of the purchase money.'

On March 7, 1874, the plaintiff sold the estate to Joseph Curtis and conveyed the same by warranty deed, but excepted from the covenants against incumbrance and warranty the mortgage aforesaid, and the amount of that mortgage was deducted by Curtis from the consideration of the conveyance ; but in the deed Curtis did not expressly assume and agree to pay the mortgage.

On May 29, 1874, Curtis conveyed the same estate to Charles Newton by deed of warranty, the grantee therein agreeing to assume and pay the mortgage to Bronson and to save Curtis harmless therefrom, the amount of the same having been accounted for, as the deed recited, in the consideration. The mortgage to Bronson was excepted from the covenants of warranty and against incumbrances.

On June 21, 1875, Newton conveyed the estate, with other lands, to one Porter by warranty deed, and Porter assumed and agreed to pay the mortgages thereon, one of which was the mortgage from King to Bronson ; and these mortgages were excepted from the covenant against incumbrances, but not from that of warranty.

On June 21, 1875, Porter, the then owner of the equity of redemption in the premises, mortgaged the same to Newton to secure the payment of $600 in two years from date, with interest at the rate of eight per cent. per annum, payable semi-annually. In this mortgage, Porter warranted the estate free from all incumbrances except a mortgage for $2000, meaning the mortgage from King to Bronson, and covenanted to warrant and defend the premises to Newton, his heirs and assigns, against the lawful claims and demands of all persons.

On June 23, 1875, Newton assigned the last named mortgage to Bronson, and in the assignment no mention was made of the mortgage from King, but it was well known to Bronson that it was a second mortgage on the estate before mortgaged to him by King.

Alfred R. Bronson died after the assignment of this mortgage, and the defendant, Sarah A. Bronson, was appointed administratrix of his estate.

Subsequently to the conveyance of the equity by King to Curtis, Alfred R. Bronson had collected interest on the mortgage made by King from the successive owners of the equity, and had not called on the plaintiff; but in February, 1876, the interest being then overdue, the defendant Wood, who was agent for Sarah A. Bronson, met the plaintiff, made some inquiries of him as to where Newton was, informed him that the interest on the mortgage given by him was in arrear, that it ought to be paid or that something must be done about it. He did not otherwise demand the interest or inform him that, if not paid, the mortgage would be foreclosed.

On April 1, 1876, the administratrix proceeded to foreclose the mortgage made by the plaintiff, by advertising the property for sale, under the power contained in the mortgage, for breach of condition thereof, interest not having been paid for nine months. All the notices by advertisement required by the power of sale were duly given, unless such notices were required to state for what breach of condition the sale was made. The notices did not state what condition of the mortgage was broken. A few days before the time appointed for the sale, which was on April 19, 1876, a copy of one of the papers containing the advertisement of the sale was sent through the post-office to the plaintiff by the defendant Wood. It did not appear that the plaintiff saw either the notice as published or that sent to him, or that he knew any sale was to be made under his mortgage. It did appear that he learned or was in some way informed that there was to be a sale of the property, or of some interest therein; but, without making proper inquiry, carelessly but honestly assumed and believed that it was not to be a sale under the power contained in the mortgage made by him, and would not in any way affect his rights. He did not know of the time and place of sale and did not attend. The sale of the property under the power took place as advertised. There was only one bidder, who was an entirely irresponsible person, beside the defendant Wood, and it was struck off to Wood for $600, which was much less than its real value. On the even-

ing of the day of the sale, the plaintiff first learned of the sale, offered the defendants to pay his mortgage note, principal and interest, demanded an assignment of his mortgage, and complained that the sale was unfair and without his knowledge. The defendants refused to allow the plaintiff to pay his mortgage note, and to assign the mortgage to him unless he would also pay the mortgage purchased by the defendant Bronson's intestate, in which case the defendants would convey to him all their interest in the property. The plaintiff refused to pay both of these mortgages, but offered and was ready and willing to pay the first mortgage from himself to the defendant Bronson's intestate, and take an assignment thereof.. This offer was refused. The property sold was worth more than the first mortgage, but less than both mortgages. All the mortgages, deeds and the assignment were duly recorded before said sale.

Upon these facts, the judge was of opinion: " 1. That, although the plaintiff had not made proper inquiry as to whether his rights would be affected by the sale, which he knew was to take place, yet that, as he was in fact ignorant that it was a sale under the mortgage made by him, and acted promptly upon ascertaining that fact, he was entitled to be relieved from the sale, upon payment of all expenses, which had been incurred by the party selling, in addition to the amount of his mortgage.

" 2. That upon payment of the full amount due upon said mortgage made by him with the expense aforesaid, he was entitled to a decree subrogating him to the rights of the defendant Bronson, so far as to enable him to maintain the mortgage as a valid security against the defendant Bronson as holder of the second mortgage.

" 3. That he was entitled to a decree upon such payment against the defendant Bronson restraining her from prosecuting a suit at law upon the first mortgage note."

*C. A. Merrill*, for the plaintiff.

*F. T. Blackmer*, for the defendants.

ENDICOTT, J.   The mortgage in this case provides, that, after the expiration of sixty days from the breach of any of the conditions named therein, the mortgagee or those claiming under him may sell the premises at public auction " without further notice or demand, except giving notice " by advertisement for

three successive weeks in a newspaper. Upon non-payment, therefore, of interest due, which was a breach of one of the conditions, no demand was required by the terms of the power to be made upon the plaintiff, or the other parties bound by contract to pay or having the right to redeem. The right to sell was complete on the expiration of sixty days from the failure to pay interest, without further demand. The case finds that all the notices by advertisement were duly given, unless such notices are required to state for what breach of condition the sale is made. This statement is not required by the terms of the mortgage, and, in the absence of such requirement, we do not consider it necessary; the party upon whom the obligation rests of performing the conditions must be presumed to know or is bound to ascertain if there is a breach, and it is sufficient to state generally in the notice that the premises are to be sold under the power for breach of condition. This is in accordance with the usual practice.

There appears to have been a literal compliance with the terms of the power, and the sale took place as advertised. This is sufficient to foreclose the mortgage, unless we can find, from a full disclosure of all the facts underlying the formal proceedings, that the defendant has not acted in good faith, or has failed in some respect to properly protect the interests of the plaintiff. But no act of the defendant is shown indicating that she did not proceed in good faith, supposing that she had done all required by the terms of the power; and no dealings or negotiations on her part with the plaintiff appear by which he could have been misled, or by reason of which he was entitled to further notice. Indeed, the defendant did more than was required by the terms of the power in giving notice, for she sent to the plaintiff by mail, before the sale, a copy of the paper containing the advertisement. Whether he received it or not is immaterial; the act shows good faith on her part.

On the other hand, it appears that the plaintiff knew in February, 1876, that the interest on the mortgage given by him was in arrear, and was informed that it must be paid, and was asked where Newton was, who then owned the equity of redemption. No formal demand was made upon him. He did not offer to

pay it, or make any attempt to have it paid. The case does not find that he saw the notice as published or sent to him, or knew that a sale was to be made under his mortgage; but it is found that he knew from some source that there was to be a sale of the property or some interest therein, and, "without making proper inquiry, carelessly but honestly assumed and believed that it was not to be a sale under the power contained in the mortgage made by him." He made no effort to ascertain the facts, and did not attend the sale. A mortgagor who knows that there has been a breach in the condition of a mortgage given by him, and that there is to be a sale of the premises for some reason, and has not been misled by any act or want of good faith on the part of the mortgagee, and who carelessly assumes without inquiry that the sale is not under his mortgage, and fails to attend, is not entitled in equity to have the sale set aside. A court of equity will not assist a party who has lost his rights through his own negligence. *Hendrickson* v. *Hinckley*, 17 How. 443. The case is clearly distinguishable from the cases cited at the argument: *Montague* v. *Dawes*, 14 Allen, 369, 373. *Roche* v. *Farnsworth*, 106 Mass. 509. *Drinan* v. *Nichols*, 115 Mass. 353.

Nor is there any reason for opening the sale, because the premises were sold at the auction for less than their value. Taken in connection with other facts, tending to show bad faith or that the mortgagor had been misled by some act or word of the mortgagee, such a fact may have some significance; but mere inadequacy of price is not sufficient to invalidate the sale.

As this view is decisive of the case, we have not considered any of the other questions stated in the report and argued at the bar.                                                    *Bill dismissed.*