LUCRETIA A. LEARNED *vs.* DAVID H. GEER & another.

Suffolk. Nov. 20, 1884. — Feb. 28, 1885. FIELD & COLBURN, JJ., absent.

If a mortgagee, in selling by auction the mortgaged premises under a power in the mortgage, acts in entire good faith, and fully conforms to the terms of the power, this court will not set aside the sale because there was only one bidder at the sale, and the premises were sold for less than their value.

The fact that an auctioneer, who sells mortgaged premises under a power in the mortgage, was not licensed as such will not invalidate the sale, if the mortgagee was ignorant of that fact, and the mortgagor was not injured by it.

BILL IN EQUITY to redeem a parcel of land in Boston from a mortgage. Hearing before *Holmes*, J., who dismissed the bill, with costs; and reported the case for the consideration of the full court. The facts appear in the opinion.

*M. A. Blaisdell*, for the plaintiff.

*W. B. French*, for the defendant Geer.

MORTON, C. J. The mortgage executed by the plaintiff authorized the mortgagee, after any breach of the condition, to sell the granted premises, by public auction, on or near the premises, without further notice or demand, except giving notice of the time and place of sale, once in each of three successive weeks, in one newspaper printed in the county of Suffolk.

It appears by the report of the master that the defendant fully complied with the requirements of the mortgage. He published the proper notice in a newspaper in the county, well known and having a large circulation, and further he served upon the plaintiff a notice in writing of the time and place of sale several days before it took place. The sale was at or near the house, and it appeared that the plaintiff was in the house at the time, and knew that the sale was taking place. She had full opportunity, either personally or by an agent, to protect her own interests. Although she was illiterate and an invalid, there is nothing to show that the defendant took any advantage of her, or that, throughout the transaction, he acted otherwise than in entire good faith. He had the power of adjourning the sale, but he was not obliged to do so, in the absence of any evidence that an adjournment would be of any benefit. He had the right to bid himself; and the facts that no other bidders

were present, and that he purchased through an agent, do not make the sale invalid, nor does the fact that the estate brought less than its value as found by the master. *Wing* v. *Hayford*, 124 Mass. 249. *King* v. *Bronson*, 122 Mass. 122.

The court will require entire good faith in a mortgagee acting under a power; but if he acts in such good faith, and fully conforms to the terms of his power, we cannot set aside a sale because it is a hardship upon the mortgagor. The hardship, if any, results from the contract of the mortgagor, and we cannot relieve him from it without violating the rights of the mortgagee.

We are of opinion that the foreclosure in this case was valid, unless the fact that the auctioneer who made the sale was not duly licensed is fatal to its validity. The sale took place on February 9, 1882. It appears, as found by the master, " that the auctioneer by whom said sale by auction of said premises was made, did not have any license as such auctioneer at that time, though he had one in and for the year 1881; but the defendant supposed that said auctioneer was duly licensed at the time of said sale." The statutes provide that auctioneers shall be licensed, and impose a penalty upon any unlicensed person who shall sell real or personal estate by public auction; Pub. Sts. *c.* 67, § 9; but they do not, expressly or by implication, make such sales invalid. The cases of *Larned* v. *Andrews*, 106 Mass. 435, and *Williston* v. *Morse*, 10 Met. 17, are decisive upon this point. In the former, it was held that the neglect of a wholesale dealer to pay the internal revenue tax imposed by a United States statute did not invalidate sales made by him; and in the latter, it was held that a sale by auction made by a person not licensed under the Revised Statutes was valid, though the act of selling subjected the auctioneer to a penalty.

If the defendant had knowingly employed an unlicensed auctioneer, or if any damage to the plaintiff had resulted from his employing one without knowledge, different questions might be presented. But he acted innocently and in good faith, and there is no pretence that the plaintiff was injured by the delay or neglect of the auctioneer to renew his license. We are therefore of opinion, that the foreclosure of the mortgage was valid.

*Decree affirmed.*