EDWARD T. CLARK *vs.* JOHN F. SIMMONS.

Plymouth.   October 15, 1889. — January 1, 1890.

Present: FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Foreclosure of Mortgage — Sale by Mortgagee — Good Faith — Inadequacy of Price.*

At the time and place appointed for a sale under a power contained in a first mortgage of land, there were no bidders present, and the sale was then adjourned, and several times afterwards, no one at any time being present except the auctioneer and the mortgagee's agent, and no notice of any adjournment being given except by oral proclamation at the time by the auctioneer. Finally the land was sold, three months after the time named in the original notice, to the agent for the mortgagee, for much less than its market value. A second mortgagee, who had requested the first mortgagee to notify him when he should take action looking to a sale, did not hear of the proceedings until nine o'clock in the evening of the day before the sale, having merely received a letter which gave the day without stating the hour or place of the sale, and having been unable upon inquiry in the neighborhood to learn anything about it. *Held*, that the first mortgagee, in executing the power of sale, had failed to exercise good faith and the proper diligence required of him for the protection of the interests of the second mortgagee, and that the latter was entitled to redeem the land from the first mortgage.

BILL IN EQUITY, filed in the Superior Court, to redeem land in Hanson from several mortgages. Hearing before *Hammond*, J., who found the following facts.

Edwin J. Brewster, who then owned the land in question, successively gave four mortgages thereof to Martin Howland, the last of which was dated June 27, 1884, the first three, which were duly recorded before December 1, 1884, being for two hundred and fifty dollars each, and the fourth, which was not recorded until December 8, 1884, being for one hundred and fifty dollars. On August 30, 1884, Brewster executed a fifth mortgage, which was duly recorded on December 1, 1884, for two hundred and fifty dollars to the plaintiff, who then knew that the land was mortgaged for the aggregate amount of the four prior mortgages, but covered as he supposed by one mortgage; and he did not become aware of the existence of the second and third mortgages until he recorded the fifth mortgage on December 1, 1884, and he did not know of the existence of the fourth

mortgage until the land was subsequently sold under the first mortgage. Afterwards the defendant, who had been duly appointed assignee in insolvency of Brewster, took an assignment in his individual capacity of the first four mortgages from Howland, at a time when there was a breach of condition of the first mortgage. At that time the plaintiff asked the defendant to notify him when he should take action looking to a sale. The defendant duly advertised the land for sale on September 1, 1888, on the premises, under the first mortgage, in a newspaper which satisfied the terms of the mortgage. On that day the defendant was ill, and, no bidders being present, the sale was adjourned by order of the defendant, and the auctioneer orally proclaimed an adjournment to the same place on a future day named. The sale was afterwards adjourned several times, in the same manner and for the same reason, and finally until November 24, 1888, at nine o'clock in the forenoon.

On November 23, 1888, the defendant wrote a letter and mailed it to the plaintiff, stating that the premises would be sold on the next day, but without stating the hour or the place. This letter by the usual course of mail reached the plaintiff's post-office at seven o'clock in the evening on the same day, but the plaintiff did not get it until nine o'clock on the same evening. On the morning of November 24 the plaintiff made inquiries of the people near the premises, but could gain no information as to the time or place of the sale. The plaintiff did not take or see the newspaper in which the original advertisement appeared, and no copy of the advertisement was at any time sent to him, and he was ignorant of the proposed sale until he received the defendant's letter. There was no notice of the time and place of the adjourned sales, except the successive oral proclamations of the auctioneer, and no notice of any kind was ever posted upon the premises, and no one was present at any time except the auctioneer and the agent of the defendant. On that morning the auctioneer and the defendant's agent reached the mortgaged premises about twenty minutes before the time fixed for the sale, and at nine o'clock, there being no other persons present, the land was purchased by the defendant, through his agent, for twelve hundred dollars, which amount was at least two hundred dollars less than its fair market value.

The judge made a decree that the first four mortgages were valid as against the plaintiff; that the sale under the power in the first mortgage was invalid; and that the plaintiff was entitled to redeem upon paying what was due upon such mortgages; and reported the case for the determination of this court.

The case was argued at the bar in October, 1889, and afterwards was submitted on the briefs to all the judges, except *Morton*, C. J.

*H. Kingman*, for the defendant.

*R. O. Harris*, for the plaintiff.

KNOWLTON, J. On the facts found, the plaintiff does not attack that part of the decree which adjudges that the fourth mortgage of Brewster to Howland, assigned to the defendant, is good against the plaintiff, and the only question before us arises on the defendant's contention that the sale made by him under the power contained in the first mortgage is valid.

It has repeatedly been held in this Commonwealth, and elsewhere, that a mortgagee who attempts to execute a power of sale contained in the mortgage is bound to exercise good faith, and to use reasonable diligence to protect the rights and interests of the mortgagor under the contract. *Montague v. Dawes*, 14 Allen, 369. *Drinan v. Nichols*, 115 Mass. 353. *Thompson v. Heywood*, 129 Mass. 401. *Briggs v. Briggs*, 135 Mass. 306. If he fails to do his duty in this respect, a mere literal compliance with the terms of the power will not render the sale valid against the mortgagor in favor of one charged with knowledge of the delinquency, although it may be sufficient if the purchaser is a stranger who buys in good faith. In determining whether, in a particular case, a mortgagee has acted in good faith and with a due regard for the interests of the mortgagor, the nature of his authority must be considered. He has a right, after giving the prescribed notices, to have the mortgaged property sold by auction for the payment of his debt. It is his duty, for the benefit of the mortgagor whom he represents, so to act in the execution of the power as to obtain for the property as large a price as possible. Ordinarily the parties stipulate in the mortgage what kind of notices of the sale shall be given, and ordinarily a mortgagee is not required to give a notice of a different kind; so far as the mortgage leaves him a power of

selection of methods of giving notice and of making the sale, he is to act reasonably and exercise a sound discretion. The contract implies that, upon the notice prescribed, an auction sale can be had; that is, that bidders will be attracted so that the property can be sold. A sale by auction necessarily involves the presence of one or more persons who are willing to buy. If the notices given fail to bring such, a power to sell by auction cannot be executed. If the mortgagee is not authorized to purchase, and no bidders are present, it is quite obvious that no sale can be made. And if the only person present who will buy at all will offer only a small part of the well known value of the property, the conditions which, under the contract, are impliedly essential to the execution of the power are wanting, and it is the duty of the mortgagee either to abandon his attempt to sell or to adjourn the sale until he can obtain the presence of bidders. Good faith and a reasonable regard for the interests of the mortgagor will not permit him to make a sale, when no one will offer a price which an owner could reasonably think of accepting if he were obliged to sell the property at a day's notice for what it would bring. In such a case, where the notices given have failed to accomplish the purpose which the contract contemplated that they would accomplish, it is the duty of the mortgagee, if he would make a sale, properly to represent, not only his own right to have the estate sold for his benefit, but also the right of the mortgagor to have an auction sale, such as both parties must be presumed to have contemplated by their contract, and to get for the property as much as it can reasonably be made to bring. Under such circumstances he should do what a reasonable man would be expected to do to accomplish that result. A failure to do that would be evidence of a want of good faith, and such a neglect, without an active purpose to defraud, would invalidate the sale, unless it was made to a stranger who bought in good faith.

In the case at bar, there were no bidders present at the time and place appointed for the sale, and the sale was adjourned then and several times afterwards, no one at any time being present except the auctioneer and an agent of the defendant, and no notice of any adjournment being given except by proclamation at the time by the auctioneer. Finally the estate was

sold, nearly three months after the time named in the original notice, the plaintiff never having heard of the proceedings until nine o'clock in the evening of the day before the sale, and having merely received a letter which gave the day without stating the hour or place of the sale, and having been unable upon inquiry in the neighborhood to learn anything about it. The mortgagee bought the property for at least two hundred dollars less than its fair market value. The plaintiff had requested the defendant to notify him when he should take action looking to a sale.

Under these circumstances, we think the defendant failed to do that which the exercise of good faith and the use of proper diligence required of him for the protection of the plaintiff's interests. At the time of each adjournment, there was no probability that any one would come on the day to which the sale was adjourned. No one but the auctioneer and the defendant's agent, so far as appears, knew of any adjournment, and no notice was given to anybody of the time fixed for the sale which was finally made. We cannot infer that notice to the plaintiff and a reasonable effort to notify others would have failed to procure the attendance of bidders at the times fixed by the adjournments.

If such effort had failed to induce the attendance of any one, upon what terms the defendant could have purchased, without being chargeable with bad faith, it is unnecessary to decide. Inadequacy of price will not invalidate a sale, unless it is so gross as to indicate bad faith, or a want of reasonable judgment and discretion in the mortgagee. *Horsey* v. *Hough*, 38 Md. 130. *Learned* v. *Geer*, 139 Mass. 31.

*Decree affirmed.*