ELIZABETH AUSTIN & another *vs.* FRED W. HATCH
& others.

Middlesex.    March 31, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Mortgage — Sale by Mortgagee — Advertisement of Sale — Improvements —
Inadequacy of Purchase Price — Collusion at Sale — Setting aside Sale —
Payment of Purchase Money.*

Where the advertisement of a sale of land by a mortgagee under a power of sale
contained in a mortgage describes the estate as a certain parcel of land, and fol-
lows the description of metes and bounds given in the mortgage, but makes no
mention of improvements placed on the land by the mortgagor subsequent to
the delivery of the mortgage, this fact not being known to the mortgagee until
the day of the sale, the sale will not for this reason be set aside at the suit of the
second mortgagee, it appearing that the improvements were obvious to those
who attended the sale, and there being nothing in the bill to show that there was
not a number of bidders present, or that the sale was not conducted as an auc-
tion sale should be conducted.

Mere inadequacy of price is no reason for setting aside a sale under a power of sale
mortgage.

There being no allegation, in a bill brought by a second mortgagee to set aside a
sale made by the first mortgagee under a power contained in the mortgage, of
collusion between the first mortgagee and the purchaser, who was a son in law
of the owner of the equity of redemption, or between the first mortgagee and
the owner of the equity of redemption, the first mortgagee is entitled to receive
the purchase money, which, after the payment of his claim, he will hold in trust
for the parties entitled to it; and, as he is entitled to have the sale carried .out,
the purchaser cannot be restrained by injunction from paying over the purchase
money to him.

LATHROP, J.    The plaintiffs, second mortgagees, by a bill in
equity, seek to set aside a sale made under a power contained in
a first mortgage.    The case is before us on an appeal by the
plaintiffs from a decree sustaining a demurrer filed by the pur-
chaser at the sale and dismissing the bill.    The legal advertise-
ment of the sale described the estate as a certain parcel of land,
and gave the metes and bounds as described in the mortgage.
After the mortgage was delivered, the mortgagor erected four
houses on the land.    This fact was not known to the mortgagee
until the day of the sale, and was not stated in the advertise-
ment.    Though the plaintiffs do not impute bad faith to the
mortgagee, they contend that it was carelessness on his part not

to ascertain the condition of the property, and give notice in the advertisement of the fact that the land was improved.

We are of opinion that this is not a sufficient reason for setting aside the sale. The description given in the mortgage was followed. The improvements were obvious to those who attended the sale. There is nothing in the bill to show that there was not a number of bidders present, or that the sale was not conducted as an auction sale should be conducted. *Stevenson* v. *Hano*, 148 Mass. 616.

It is further alleged in the bill, that the property was worth $5,000, and was sold for $2,525; and the plaintiffs seek to have the sale set aside on the ground of inadequacy of price. Mere inadequacy of price is no reason for setting aside a sale. *King* v. *Bronson*, 122 Mass. 122, 128. *Wing* v. *Hayford*, 124 Mass. 249. *Learned* v. *Geer*, 139 Mass. 31. In *Clark* v. *Simmons*, 150 Mass. 357, 361, it is said, "Inadequacy of price will not invalidate a sale, unless it is so gross as to indicate bad faith, or a want of reasonable judgment and discretion in the mortgagee." In *King* v. *Bronson*, the property sold for $600. It was found to be worth more than $2,000 and less than $2,600. In *Wing* v. *Hayford*, the land was sold to the agent of the mortgagee for $3,000, though it appeared that the mortgagee authorized the agent to bid as high as $6,000. In *Learned* v. *Geer*, the sale was for $2,000, and the property was found to be worth $2,500. In *Clark* v. *Simmons*, the sale was for $1,200, "which amount was at least two hundred dollars less than its fair market value." The amounts in the last two cases are taken from the papers on file.

In the case at bar there is no allegation that an adjournment of the sale would have resulted in a higher price being realized. It is a notorious fact that, when land is sold by auction under a power contained in a mortgage, it seldom, if ever, brings a price which reaches its real value. If this is a hardship upon a mortgagor or those claiming under him, it is owing to the contract which he has made, and which the mortgagee has a right to have carried out. On the allegations of this bill we see no reason for setting aside the sale.

It is further contended by the plaintiffs, that the purchaser is a son in law of one of the owners of the equity of redemption, and that he acted in collusion with such owners for the purpose

of acquiring the estate for them, relieved of the claims of the plaintiffs, who hold subsequent mortgages. There is, however, no allegation of any collusion between the mortgagee who made the sale and the purchaser, or between the mortgagee and the owners of the equity. The mortgagee is therefore entitled to receive the purchase money, which, after his own claim is paid, he will hold in trust for the parties entitled to it. As he is entitled to have the sale carried out, we cannot restrain by injunction the purchaser from paying the money to him.

*Decree affirmed.*

*G. E. Smith & W. C. Smith*, for the plaintiffs.
*S. L. Whipple*, for the purchaser.