JACOB M. TAYLOR *vs.* JOHN WEINGARTNER & another.

Suffolk. January 13, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Evidence,* Allegations in pleadings, Self-serving statements, Presumptions and burden of proof. *Mortgage,* Of real estate: foreclosure sale.

In analogy to R. L. c. 173, § 85, which provides that in actions at law "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party who makes them," an allegation or denial in a bill in equity made by the

plaintiff in his own favor and sworn to by him, although it is an admission of the truth of the fact stated, cannot be used by him as evidence.

A mortgagee of real estate in making a foreclosure sale under a power contained in the mortgage not only must comply with the literal terms of the power but also is bound to use reasonable diligence to protect the rights and interests of the original mortgagor and also those of the owner of the equity of redemption to whom the mortgagor sold the property after making the mortgage.

Where a foreclosure sale of real estate under a power in a mortgage takes place after notice by publication and notice by mail to the original mortgagor and to the owner of the equity of redemption and after an adjournment of two weeks at the request of the owner of the equity of redemption, the mere facts, that the mortgagee was the only bidder at the sale and that the property brought less than its market value, do not make the sale invalid nor afford ground to the original mortgagor for maintaining a suit in equity against the mortgagee to enjoin him from suing for the balance due on the mortgage note after applying toward its payment the proceeds of the sale.

In a suit in equity by a mortgagor of real estate, after a foreclosure sale of the mortgaged property under a power of sale in the mortgage, to enjoin the mortgagee from suing the plaintiff for the balance due on the mortgage note after applying toward its payment the proceeds of the sale, where the plaintiff has alleged that the sale was not conducted fairly and in good faith and that if it had been so conducted the proceeds would have been more than sufficient to pay the note in full, the burden rests upon the plaintiff to prove these allegations.

It cannot be ruled as matter of law that notice by publication should have been given of a two weeks' adjournment of a foreclosure sale of real estate under a power in a mortgage, where ample notice was given of the time originally fixed for the sale and the adjournment was made by a proclamation of the auctioneer at that time.

CROSBY, J.  The plaintiff on December 6, 1911, purchased from the defendant certain real estate situated in Boston.  The premises were sold subject to a first mortgage thereon of $10,000. The defendant, in addition to the conveyance of the real estate, paid the plaintiff $1,200 in cash and received in return a deed of certain lots of land in Brighton, in the city of Boston, and a note for $3,700 secured by a second mortgage on the real estate so conveyed to the plaintiff.  This mortgage contained a power of sale in the usual form, one of its provisions being that the mortgagor "shall pay all taxes and assessments to whomsoever laid or assessed, whether on the granted premises, or on any interest therein."

About a year after the transactions above referred to, the plaintiff sold the real estate to one Ambler subject to the two mortgages, there being at that time $3,400 unpaid upon the second mortgage.  Shortly afterwards Ambler sold the premises to one Fulton subject to the first and second mortgages, and on March 29,

1913, Fulton sold the premises to one Nickerson subject to the first and second mortgages. At that time $3,300 remained unpaid on the second mortgage; no instalments of principal or interest on the note secured by the second mortgage were then due, but the taxes assessed on the property as of April 1, 1912, with interest thereon, amounting all together to about $300, were overdue and unpaid.

On April 7, 1913, the defendant made an entry upon the premises to foreclose the second mortgage for breach of condition for failure to pay the taxes assessed as of April 1, 1912, and thereafter he collected rents from the property amounting to $141 up to May 29, 1913, when he caused the premises to be sold under the power contained in the second mortgage. Notice of the foreclosure sale was published in conformity with the terms of the mortgage, the sale being advertised to take place on May 15, 1913. On that date no bidders appeared and at the request of Nickerson, the owner of the equity of redemption, the sale was adjourned by the auctioneer until May 29, 1913, at ten o'clock in the forenoon. On May 29, at the time and place fixed for the sale, there were present the defendant and his attorney, the auctioneer, and Nickerson, the owner of the equity of redemption. The defendant bid $800 for the property and, as there were no other bids, he was declared the purchaser and afterwards executed and delivered a deed under the power in the mortgage in which he was named as grantee. The defendant has since sold the premises subject to the first mortgage and taken a second mortgage for a part of the purchase price.

On June 18, 1913, the defendant brought an action against the plaintiff to recover the balance alleged to be due him on the $3,700 note, which action is now pending. This bill is brought to enjoin the defendant from prosecuting the action upon the note. The plaintiff alleges that the foreclosure sale was not conducted fairly and in good faith by the defendant on account of which the property was sold for a grossly inadequate price, whereas if the defendant had conducted the sale with due regard for the rights of the plaintiff nothing would be due upon the note.

While the first prayer of the bill is that the foreclosure sale be decreed to be void, we do not understand that the plaintiff at the hearing before the judge of the Superior Court asked for such a

decree, but contended that the defendant should be held liable to account for the fair value of the property and that the plaintiff was entitled to a decree for the difference between such value and the amount for which the property was bid off by the defendant, and that such difference would equal or exceed the balance due on the note. We assume that the contention of the plaintiff before this court is the same as that made by him in the Superior Court.

A final decree having been entered in the Superior Court dismissing the bill, from which the plaintiff has appealed, it becomes necessary to consider in detail the findings of fact made by the judge * in his memorandum so far as they are said by the plaintiff to have been plainly wrong.

1. The finding that the notice of the sale which appeared in the Banker and Tradesman was read by the plaintiff's witness O'Hara was warranted. This witness so testified and there was no evidence to the contrary. It is to be noted that the judge neither found nor ruled that notice to O'Hara was notice to the plaintiff.

2. The judge found that notice of the sale was duly sent by mail to the plaintiff and that no denial of its receipt was made. This finding cannot be said to be plainly wrong. It was agreed that the defendant's counsel, Mr. Emery, if present, would testify that he mailed to the plaintiff at his Boston address a newspaper clipping of the notice of the foreclosure sale, that the notice was so mailed at the time of its publication, and that he (Emery) received no reply thereto. The plaintiff made no denial that he received such notice.

The suggestion of the plaintiff that the denial in the bill sworn to by him was evidence that he denied having received notice of the sale is not tenable. R. L. c. 173, § 85, provides that "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party who makes them." Allegations in a bill which is sworn to are admissions of the truth of the facts stated, but they are not affirmative evidence in favor of the plaintiff. *Elliott* v. *Hayden*, 104 Mass. 180. *Dennie* v. *Williams*, 135 Mass. 28.

3. The finding that actual notice was given to Nickerson, the

---

* *Pierce, J.*

owner of the equity of redemption, was not by implication or otherwise a notice to Taylor, nor did the judge so find.

4. The fourth assignment of errors raises the question whether there was a valid sale under the power in the mortgage. When the proceedings to foreclose the mortgage were instituted on April 23, 1913, it is plain that there existed a breach of the condition to pay the taxes. The undisputed evidence shows that the taxes assessed as of April 1, 1912, were past due and unpaid and that interest thereon had been accumulating since November 1, 1912, and the security of the mortgage was diminishing. If it be conceded that the defendant was bound to apply the rents received in payment of the taxes, it appears that the total amount of rents collected was much less than the amount of the tax. The contention of the plaintiff that the defendant was obliged to pay the tax before he had a right to foreclose the mortgage cannot be sustained. Under the circumstances disclosed by the evidence the defendant was entitled to proceed to foreclose his mortgage for breach because of the failure of the plaintiff to pay the tax assessed as of April 1, 1912. *Stevens* v. *Cohen,* 170 Mass. 551, 554. The defendant in executing the power was bound to exercise the utmost good faith for the protection of the rights of the owner of the equity of redemption as well as those of the plaintiff. *Boutelle* v. *Carpenter,* 182 Mass. 417. The mortgagee in the exercise of the power was bound not only to comply with its literal terms but was required to use reasonable diligence to protect the rights and interests of the owner of the equity of redemption and the plaintiff. *Bon* v. *Graves,* 216 Mass. 440, 446. *Briggs* v. *Briggs,* 135 Mass. 306, 309. *Dexter* v. *Shepard,* 117 Mass. 480. There was evidence to show that the notice of sale was published not only in the Boston Advertiser but also in the Banker and Tradesman, that notice was mailed to the plaintiff, and that the owner of the equity of redemption also had notice, that on May 15, the day fixed for the sale, it was adjourned for two weeks by direction of the defendant at the request of Nickerson, the owner of the equity, for the purpose of giving him an opportunity to pay the taxes, that, the taxes not having been paid, the sale was made on May 29. While the defendant was the only bidder, that fact is not sufficient to set aside the sale, nor does the fact that the estate brought less than its value as found by the court render it invalid. *Learned* v. *Geer,* 139 Mass. 31.

*Stevenson* v. *Hano*, 148 Mass. 616. *Fennyery* v. *Ransom*, 170 Mass. 303. *New England Mutual Life Ins. Co.* v. *Wing*, 191 Mass. 192. *Turansky* v. *Weinberg*, 211 Mass. 324. *Vahey* v. *Bigelow*, 208 Mass. 89. The evidence shows that the defendant complied in all respects with the power. There was also evidence to show that he endeavored to induce others to attend the sale and bid upon the property. On the other hand, while there was evidence to show that the plaintiff had notice of the sale, he did not attend nor does it appear that he did anything to protect his rights by attempting to procure the attendance of others or otherwise. *King* v. *Bronson*, 122 Mass. 122. So long as the plaintiff relied upon the allegations that the sale was not conducted fairly and in good faith, the burden rested upon him to show it. *Wadsworth* v. *Glynn*, 131 Mass. 220. *Vahey* v. *Bigelow*, 208 Mass. 89, 93.

We are of opinion that the notice of sale was valid and that the finding of the judge of the Superior Court that the sale was conducted in good faith and fully conformed to the terms of the power cannot be held to have been plainly wrong. It cannot be ruled as matter of law that notice of the adjournment should have been published in a newspaper or that the proclamation made by the auctioneer on May 15 was not sufficient. As was said in *Dexter* v. *Shepard*, 117 Mass. 480, at page 485, "A sale regularly adjourned is, when made, in effect the sale of which previous notice had been given." The sale was made only fourteen days after the time named in the original notice and there was evidence that the plaintiff had or might have had notice of the adjournment by the exercise of reasonable diligence for the protection of his interests. The facts in *Clark* v. *Simmons*, 150 Mass. 357, plainly distinguish that case from the case at bar. Upon this question of adjournment the memorandum of the judge contains the following: "I am unable to find that a further adjournment, even though accompanied by a new advertisement, would have resulted in the attendance at the sale of persons who would have paid a greater sum. Such a favorable result is pure speculation." See *Austin* v. *Hatch*, 159 Mass. 198.

5. The finding that the plaintiff did not contend that the sale was void or voidable and stipulated that for the purpose of the hearing at least it should be treated as valid and unimpeachable would seem to be justified in view of the colloquy between the

judge and the counsel for the plaintiff, but this becomes immaterial in view of our conclusion that the finding of the judge that the sale was valid was not plainly wrong.

6. The finding that the sale was conducted in good faith and fully conformed to the terms of the power is disposed of by what has been said previously.

7. The opinion expressed by the judge that the $800 received should have been credited to the payment of the several instalments as they became due and that the action at law upon the note is premature was followed by the statement of the judge that he made "no order concerning the same, leaving the parties to such defence, if such there be, in the law action."

We are unable to see how any rights of the plaintiff were prejudiced by such statement.

8. The eighth, ninth, tenth and eleventh alleged errors stated in the plaintiff's brief are all disposed of by what has been said previously.

As it cannot be held that the findings of fact made by the presiding judge were plainly wrong, it follows that the entry must be

*Decree affirmed with costs.*

*J. K. Berry,* (*E. C. Upton* with him,) for the plaintiff.
*J. G. Bryer,* for the defendants.