RAANAN KATZ *vs.* SAMUEL WINOKUR.  April 6, 1982.  This is an action by a mortgagee, the plaintiff, to recover a deficiency from his mortgagor, the defendant, following a foreclosure sale held on February 5, 1975, of premises in Fitchburg.  The defendant claims that the plaintiff failed to act in good faith and with reasonable diligence in executing the power of sale in the mortgage because he proceeded with the foreclosure in the midst of a severe snowstorm.  This issue was tried to a jury in the Superior Court which returned a verdict for the plaintiff for the full amount of the deficiency.  Judgment was thereafter entered on the jury's verdict.  The defendant has appealed from that judgment.

The sole claim of error pertains to the judge's refusal to instruct the jury in accordance with principles concerning the duty of a mortgagee who is exercising a power of sale as set out in *Clark* v. *Simmons*, 150 Mass. 357 (1890).  The defendant's requests for jury instructions are not reproduced in the appendix, and the record is not clear as to what portions of the *Clark* opinion he wanted brought to the jury's attention, beyond the statement that the mortgagee has the duty "to act in the execution of the power [in a manner which will] obtain for the property as large a price as possible." *Id.* at 359.  The brief colloquy on the point at the conclusion of the charge is susceptible to the interpretation that the judge refused further comment on the subject either because the initial request for the instruction was stated in improper form, or because he felt that the issue had already been adequately covered.  It is clear, in any event, that the question of the mortgagee's responsibility to conduct the sale in good faith and with reasonable diligence (see *Union Mkt. Natl. Bank* v. *Derderian*, 318 Mass. 578, 581-582 [1945]; Park, Real Estate Law § 538 [2d ed. 1981]) had been fully tried to the jury and that the circumstances of this sale, including the possible chilling effect of the snowstorm on prospective bidders, had been brought out at length in the evidence and argued by counsel.  With the case in this posture, the judge properly instructed the

jury that the defendant had the burden of proving that the mortgagee violated the duty imposed upon him. See *Manoog* v. *Miele*, 350 Mass. 204, 206 (1966). In instructing the jury, he quoted almost verbatim from *Cambridge Sav. Bank* v. *Cronin*, 289 Mass. 379, 383 (1935), in which it was stated that a mortgagee is not required "to adjourn a sale merely because of a scarcity of prospective bidders, unless a man of ordinary prudence making a forced sale of the property as his own would have deemed it advantageous and important to do so." These instructions were formulated with specific reference to whether the plaintiff's action in refusing to postpone the sale because of the snowstorm amounted to "bad faith or [a] lack of reasonable discretion." The jury was also told by the judge to consider all the circumstances, including the snowstorm, and to ask themselves whether "the circumstances [were] so unfavorable for obtaining a fair price that the mortgagee was required to adjourn the sale?" In framing these instructions, the judge appears to have been guided by *Chartrand* v. *Newton Trust Co.*, 296 Mass. 317, 320-322 (1936), in which the effect of adverse weather conditions on the mortgagee's duty is discussed on facts differing somewhat from those in this case. See also *DesLauries* v. *Shea*, 300 Mass. 30, 34-35 (1938). The instructions appear to have avoided statements of other principles which might have been viewed, in the circumstances, as excessively favorable to the plaintiff, such as those summarized in *Seppala & Aho Constr. Co.* v. *Petersen*, 373 Mass. 316, 327-328 (1977). Although the charge could have been better organized and might have benefited in some parts from a lengthier discussion of the controlling law, viewed as a whole it was correct in its essentials and adequate to inform the jury of the mortgagee's obligations. Cf. *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp.*, 344 Mass. 420, 426 (1962); *Commonwealth* v. *Martorano*, 355 Mass. 790 (1969); *Kaltsas* v. *Duralite Co.*, 4 Mass. App. Ct. 634, 638 (1976).

*Judgment affirmed.*

*Joseph R. Doktor* for the defendant.