## JOHN H. STICKNEY *vs.* BRICE S. EVANS.

Suffolk. March 5. — July 25, 1879. MORTON & ENDICOTT, JJ., absent.

If A. takes from B., as security for money lent, a mortgage containing a power of sale, and, at the same time, C. executes a written agreement to A., by which, after reciting the transaction between A. and B., C. promises that, if A. is obliged to sell the mortgaged premises for breach of condition, and shall " advertise and sell," C. will purchase the premises and pay the amount due on A.'s mortgage, A. is bound to adopt only that mode of advertisement and sale specified in the power contained in his mortgage.

An advertisement of a mortgagee's sale under a power, following the description of the premises by metes and bounds contained in the mortgage, and referring by book and page to the registry of deeds, and by book and page to a plan recorded in the office of the superintendent of public lands, contains a sufficient description of the property.

CONTRACT upon the following agreement signed by the defendant : " Boston, July 26, 1875. Whereas J. H. Stickney has this day lent J. W. Olmstead the sum of five thousand dollars, on a mortgage of the house owned and occupied by said Olmstead, numbered eight (8) Worcester Square, Boston, said mortgage being over a mortgage to Boston Five Cents Savings Bank for ten thousand dollars. Now therefore, should a breach in the conditions of said mortgage occur, and should the said Stickney be obliged to sell said house, in such a case the said Stickney shall advertise and sell, and I will purchase at said sale and pay a sum equal to the full amount of the claims of said Stickney, costs and charges, the above to apply to the first year, but not to any extension of said mortgage, providing the said Stickney shall pay said Evans fifty dollars."

At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, the material parts of which appear in the opinion.

*L. W. Howes*, for the defendant.

*C. W. Turner & L. L. Scaife*, for the plaintiff, were not called upon.

COLT, J. The plaintiff took from Olmstead a second mortgage containing a power of sale, as security for money then lent by the plaintiff to him. At the same time the defendant, by a written agreement reciting the transaction between the plaintiff and Olmstead, promised the plaintiff, in substance, that he would

purchase the property mortgaged, and pay the amount due on the plaintiff's mortgage, in case he should be obliged to sell, and should advertise and sell the same.

The premises were sold under the power of sale for breach of condition, subject to the prior mortgage. The defendant did not appear at the sale, and the equity of redemption was sold for a nominal sum. This action is to recover damages for the defendant's failure to perform his agreement.

At the trial, the judge instructed the jury that the words of the agreement had reference to a sale under the power contained in the mortgage; and that the plaintiff was not bound to adopt any other mode of advertisement and sale than was therein specified. They were also instructed that the plaintiff, in conducting the sale, was bound to exercise a sound discretion, and to act with perfect good faith and an honest intention to protect the estate for the benefit of all parties concerned. It was ruled that the published notice of the sale was sufficient, if it contained the same description of the premises as was contained in the mortgage; and it was admitted that the plaintiff was bound to give the defendant reasonable notice of the time and place of sale. Under these instructions, the jury must have found that, after reasonable notice to the defendant, the property was sold accordingly to the requirements of the mortgage, in perfect good faith and in the exercise of a reasonable degree of diligence to protect the interests of all concerned. There is no good reason shown for disturbing the verdict.

The construction given to the agreement was the true construction. The plaintiff had no authority to sell except under and in accordance with the power contained in the mortgage. The advertising and selling required by the contract must have referred to such a sale. The defendant contracted to bid the amount of the mortgage; and the sale was properly advertised and fairly made. *Montague* v. *Dawes*, 14 Allen, 369. *Wing* v. *Hayford*, 124 Mass. 249. The description in the public notice of the sale was sufficient. It follows the description by metes and bounds contained in the mortgage deed, and refers by book and page to the registry of deeds, and by book and page to a plan recorded in the office of the superintendent of public lands. *Model Lodging House Association* v. *Boston*, 114 Mass. 133.

*Exceptions overruled.*