SARAH A. COLCORD *vs.* EDWARD W. BETTINSON.

Middlesex.   January 20. — May 6, 1881.   COLT & FIELD, JJ., absent.

After the incorporation of the south part of the town of M. as the town of E., the owner of land therein, upon which he lived, mortgaged it by a deed which described him as of M. and the land as situated in the south part of M., and which contained a power authorizing the mortgagee, upon breach of condition, and upon publishing a notice of the sale in a newspaper published in the county, to sell the land by public auction "in said M." Upon breach of condition, the mortgagee published a notice of sale in a newspaper within the county, which stated that the sale would take place on the premises, in the south part of M., and described the land by metes and bounds, gave the date of the mortgage and the book and page in the registry where the mortgage was recorded. The sale took place on the premises. *Held,* on a bill in equity to redeem the land from the mortgage, that the notice of sale sufficiently described the land, and that the sale was made at a place authorized by the mortgage.

BILL IN EQUITY to redeem land in Everett from a mortgage. At the hearing, before *Lord,* J., it appeared that the land had been sold by the mortgagee, under a power contained in the mortgage, for breach of a condition therein, and that the only question was as to the validity of the sale. The judge ordered the bill to be dismissed, and reported the case for the considera tion of the full court. The facts appear in the opinion.

*C. Robinson, Jr.,* (*G. A. Blaney* with him,) for the plaintiff.

*H. B. Crandall,* for the defendant.

ENDICOTT, J. The plaintiff in 1866 executed a mortgage of the premises to the defendant, in which she described herself as of Malden, and the premises as situated in the south part of Malden. The south part of Malden was afterwards incorporated as the town of Everett. St. 1870, *c.* 66. In 1875, she executed the second mortgage to the defendant, under which the sale took place. In this mortgage she also describes herself as of Malden, and the premises as situated in the south part of Malden; although she then resided on the premises within the limits of Everett. This mortgage provided that, upon breach of condition, and upon publishing notice of sale in a newspaper printed in the county of Middlesex, a sale of the premises might be made " at public auction in said Malden." The notice of sale was given in a newspaper published in Everett, which is in the

county of Middlesex, and advertised that the sale would take
place " on the premises described in the mortgage deed, to wit,
a lot of land situated in the south part of Malden." And then
follows a description of the lot by metes and bounds, as situated
on the road leading from Chelsea to Malden, which is the same
as that contained in the mortgage itself. The notice gives the
date of the mortgage, and refers to the book and page in the
registry where it is recorded. The sale took place, as adver-
tised, on the premises.

The plaintiff contends that the notice was insufficient, and
that the sale was made at a place not authorized by the mort-
gage.

1. We are of opinion that the notice was sufficient. It was
strictly in compliance with the terms of the mortgage, and the
good faith of the defendant is not denied. Under such circum-
stances, the sale will not be set aside unless it appears that some
further description of the premises or place of sale was required,
in order properly to protect the rights and interest of the plain-
tiff. *Drinan* v. *Nichols*, 115 Mass. 353.

It is not contended that the notice misled the plaintiff, for she
knew that the sale was to take place under the notice and upon
the premises. It is urged, however, that it would mislead per-
sons who wished to attend the sale as purchasers. The notice
gives the description of the premises contained in the mortgage.
This would seem to be sufficient; but the notice refers to the
mortgage itself upon the records, wherein it appears that the
premises were conveyed to the plaintiff in 1857, and that they
were subject to the defendant's prior mortgage, which was given
in 1866, before the incorporation of Everett. From the descrip-
tion in the notice, and from the records to which the notice
refers, the exact locality of the estate within the south part of
Malden, which had been incorporated as the town of Everett,
could be easily ascertained.

2. Nor can we say, under the peculiar circumstances of this
case, that the sale was made at a place not authorized by the
mortgage. This objection is purely technical. The plaintiff was
not injured by the fact that it was made on the premises, for it
was fairly made, upon sufficient notice. And the objection will
not be sustained in a court of equity, as between these parties,

unless it is absolutely necessary to give a construction to the deed which excludes a sale in the south part of Malden, which had then been incorporated as the town of Everett. The plaintiff must be presumed to have known of the incorporation of Everett, and that the estate conveyed by the mortgage was situated therein.

The question is, What is the fair construction of the deed, and what did the plaintiff mean when, having previously described the land as situated in the south part of Malden, which was then Everett, she provided that the sale should be " in said Malden "? The words " south part of Malden " and " Malden " are evidently used as if no division had been made of the town; and in saying that the sale should take place in Malden, the deed refers to the territorial limits of Malden as it formerly existed. As the sale was made on the premises, and within those territorial limits pointed out by the plaintiff, it was properly made. The deed cannot be construed as intending to exclude a sale in the south part of Malden, for the word " Malden," as used in the deed, includes that part which is now Everett, as well as the remaining portion of the town.

By this construction, the sale might have been made within the present limits of Malden; but it may have been for the interest of the plaintiff that it should be made upon the premises where purchasers could inspect them; and, if so, it is clear that the defendant paid a proper regard to the rights and interest of the plaintiff. *Decree affirmed, with costs.*