MARYANN MARCUS *vs.* JOHN H. COLLAMORE & another.

Suffolk.    January 27, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Validity of Foreclosure Sale — Advertisement — Adjournment — Findings — Equity.*

There is no absolute rule of law that, when the first advertisement of a sale of land under a power in a mortgage fails to bring any one to the sale, it is the mortgagee's duty to advertise again as fully as before.

It is no objection to the validity of a sale of land under a power in a mortgage, that the auctioneer, who saw no one present at the place appointed for the sale, although one person was present in fact, adjourned the sale without reading the advertisement or making a proclamation, especially if, before the sale took place, the fact of such adjournment was published.

At the hearing of a bill in equity to set aside a sale of land under a power in a mortgage, the judge found that there was a breach of condition ; that the requirements of the mortgage as to advertisement were fulfilled ; that all the proceedings were conducted and the purchase made in good faith ; that adjournments of the sale were reasonable, and did not prejudice the plaintiff ; that the mortgagee made reasonable efforts to procure and did procure the attendance of *bona fide* bidders ; that there was a greater attendance than usual at such sales, and several persons bid ; and that, although the property sold for less than its market value, that might have been due to pending litigation. *Held*, that, in view of these findings, this court could not disturb the sale.

BILL IN EQUITY, filed September 13, 1895, against John H. Collamore and Francis M. Learned, to set aside a sale of land in Boston under a power in a mortgage made by the plaintiff to

one Fuller, and assigned to the defendant Collamore, the other defendant being the purchaser at the sale ; and to redeem the premises. Hearing before *Morton,* J., who dismissed the bill, and reported the case for the consideration of the full court. The facts appear in the opinion.

*G. P. Wardner,* for the plaintiff.

*O. B. Mowry,* for the defendants.

HOLMES, J. This is a bill to set aside a foreclosure of a mortgage. It is found that there was a breach of condition, that the requirements of the mortgage as to advertisement were fulfilled, and that all the proceedings were conducted and the purchase made in good faith. Before the day fixed for the sale, the plaintiff got a temporary injunction. The auctioneer saw no one present at the appointed place, and there was but one person present in fact. The auctioneer adjourned the sale without reading the advertisement or going through the form of a proclamation, to July 2, and again in like manner, there being no one present, to July 16. The injunction was dissolved on July 13, and the sale was again advertised on July 13 and 15. It is found that the adjournments were reasonable and did not prejudice the plaintiff, that the mortgagee made reasonable efforts to procure and did procure the attendance of *bona fide* bidders, that there was a greater attendance than usual at such sales, and that several persons bid. The property sold for less than its market value, but it is found that that may have been due to pending litigation.

The plaintiff asked for a ruling that the sale was invalid, and argues that, when the first advertisement failed to bring anybody to the sale, it was the mortgagee's duty to advertise again as fully as before. But there is no absolute rule of law to that effect. The first advertisements are required by the mortgage ; any other or further duties of the mortgagee are less defined, and are embraced under the general obligation to make reasonable efforts to prevent a sacrifice of the property. *Clark* v. *Simmons,* 150 Mass. 357, 360. *Stevenson* v. *Dana,* 166 Mass. 163, 170.

The other objection pressed is that the auctioneer, although he saw no one present, and whether any one was present or not, ought to have made some proclamation of the adjournment. We do not perceive the advantage of making the validity of a

*bona fide* sale depend upon the observation of a particular form outside the requirements of the contract. No doubt it was proper in some way to make public the fact, by posting a notice on the land or otherwise, and this was done efficiently, by further publications, before the sale took place. In view of the findings, we cannot disturb the foreclosure, and do not regard the rulings asked as requiring a more detailed examination.

*Bill dismissed.*