WILLIAM T. WAY *vs.* WALTER R. DYER & others, executors.

Suffolk.     March 23, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Mortgage — Validity of Foreclosure Sale — Failure to advertise Adjournment of Sale — Mistake in stating Amount due on Prior Mortgage — Equity.*

It is no objection to the validity of a sale of land under a power in a mortgage, after several adjournments, that the adjournments were not advertised, if it does not appear that the failure so to advertise resulted in any sacrifice of the property or involved any injury to the owner of the equity of redemption.

The owner of the equity of redemption in land sold under a power in the mortgage, after several adjournments, has no standing, nineteen months after the sale, to object to its validity on the ground that the adjournments were not advertised, if they were all made at the request of the person who represented him and the title in all matters relating to the foreclosure, and who consented to the notices in the form in which they were given, and knew of the sale and made no objection to it.

A mistake in an advertisement of a sale of land under a power in a mortgage, in overstating the amount due on a prior mortgage, cannot affect a purchaser in good faith and for a valuable consideration after the foreclosure and without any actual or constructive knowledge of the error.

BILL IN EQUITY, filed November 6, 1899, against Walter R. Dyer, Benjamin Harris, and Max E. Wyzanski, and Charles E. Wyzanski, executors of the will of Henry Wyzanski, to redeem land from a sale under a power in a third mortgage made to the defendant Dyer by one Donoghue, who conveyed the land to the plaintiff subject to the mortgages thereon, the other defendants being purchasers from Dyer after the foreclosure sale; and also for an accounting in regard to the first and third mortgages. Hearing before *Knowlton,* J., who reported the case for the consideration of the full court.   The facts appear in the opinion.

*C. F. Kittredge*, for all the defendants except Dyer.

*J. W. Keith*, for the plaintiff.

MORTON, J.    This is a bill to redeem from a foreclosure sale under a third mortgage for $1,000, and also for an accounting in regard to that and the first mortgage.    The case was heard by a single justice, who was of the opinion that the bill should be dismissed as to all of the defendants except Dyer, but that as against him the plaintiff was entitled to an account, for the reasons stated in the report.*    The case comes here on a report made at the request of all of the defendants except Dyer.

It is found that, when the foreclosure proceedings were commenced and concluded, interest was due on the amount secured by the third mortgage.    It appears that the property was duly advertised for sale, according to the terms of the power, on July 12, 1897; but the sale was then adjourned, and was adjourned afterwards from time to time, and did not finally take place until March 21, 1898.    Before the property was advertised for sale, the plaintiff had conveyed the equity of redemption to one Marcus by an absolute quitclaim deed, though there was an oral trust between them.    Marcus, it is found, had full authority from the plaintiff to look after all matters relating to the foreclosure, and knew all about the proceedings to foreclose, and procured adjournments from time to time till the sale was made, and all the adjournments were made at his request.    It is also found that he consented to the notices in the form in which they were given, and represented the plaintiff and the title in all matters relating to the foreclosure and adjournments.    It is further found that " Marcus knew of the time of the sale, and there is no testimony that the sale was for an inadequate price, or that there was not a good number of bidders present."    Through mistake and inadvertence there was an error in stating in the advertisements the amount due under the previous mortgages,

---

* The statement in the report was as follows: "I was of opinion, and decided, that the plaintiff's bill should be dismissed with costs in favor of all the defendants except Walter R. Dyer, and that, as against him, the plaintiff is entitled to an account of the proceeds of the sale under the third mortgage to Cavanagh, who bought as Dyer's representative for $150, treating the land as subject to prior mortgages for $11,274 and unpaid taxes and assessments, when as a fact the charges on the land were much less."

and it was stated at much more than the amount actually due. The property is now in the hands of parties who were strangers to the foreclosure proceedings, and who all bought in good faith, for a valuable consideration, after the foreclosure sale, and believing the foreclosure to be in all respects regular. Since purchasing, they have expended on the property $30,000 to $40,000 in improvements. The bill in this case was not filed till November 6, 1899, upwards of a year and a half after the foreclosure sale. There was also a foreclosure sale under the first mortgage, but, in view of the conclusion to which we have come regarding the proceedings under the third mortgage, it is not necessary to consider that. The foreclosure sale that we deal with is that under the third mortgage.

The principal objection urged against the validity of the sale is the failure or omission to advertise the adjournments. But, as said in *Marcus* v. *Collamore*, 168 Mass. 56, " there is no absolute rule of law to that effect. The first advertisements are required by the mortgage ; any other or further duties of the mortgagee are less defined, and are embraced under the general obligation to make reasonable efforts to prevent a sacrifice of the property." In the present case, as already stated, it is expressly found that " there was no testimony that the sale was for an inadequate price, or that there was not a good number of bidders present." So far as appears, therefore, the failure to advertise the adjournments did not result in any sacrifice of the property, and involved no injury to the plaintiff. See also *Hosmer* v. *Sargent*, 8 Allen, 97; *Dexter* v. *Shepard*, 117 Mass. 480; *Stevenson* v. *Dana*, 166 Mass. 163. Moreover, the adjournments were all made at the request of Marcus, who represented the plaintiff and the title in all matters relating to the foreclosure, and who consented to the notices in the form in which they were given, and knew of the sale, and does not appear to have made any objection. The plaintiff is bound by the conduct of Marcus, and cannot be heard months after the sale took place to object for the first time that the adjournments should have been advertised, even if the objection would have been valid if seasonably made, which we do not intimate.

The mistake in the amount due on the previous mortgages could not affect any of the defendants except Dyer, the others

being purchasers in good faith and for a valuable consideration, after the foreclosure, and without any knowledge, actual or constructive, of the error. *Silva* v. *Turner*, 166 Mass. 407.

> *Bill dismissed with costs in favor of all the defendants except Dyer, and as to him the plaintiff is entitled to an accounting.*