BEACON HILL LAND CO. *et al. vs.* WALTER A. BOWEN, Adm.
*et al.*

FEBRUARY 7, 1912.

PRESENT: Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

*(1) Mortgages. Plats. Description of Premises.*

A mortgage deed described the property by a recorded plat. After the execution of the mortgage a replat of the premises was made and recorded.

*Held,* that an advertisement of sale under the mortgage which made reference to the mortgage deed and the record thereof and gave the same description of the property as was given in the mortgage, was proper.

*(2) Mortgages. Description of Premises. Plats.*

Where a notice of sale under a mortgage excepted all lots and ways which had been released, which releases had been made with reference to a replat of the premises made since the execution of the mortgage, the advertisement following the description in the mortgage but giving such references to the

record as would enable the reader to ascertain by a proper examination the extent of the changes in the property, was sufficient.

*(3)   Mortgages.   Advertisement.   Inaccuracy in Notice.*

A notice of sale under a mortgage described the place of sale as "on the premises on lot 52 at the northeasterly corner of Emeline and Enfield streets:"—

The lot on this corner was not 52 on the plat referred to in the advertisement but was lot 52 on a replat of the premises made after the execution of the mortgage:—

*Held*, that the inaccuracy was immaterial in the absence of any evidence that the mortgagor was prejudiced thereby.

*(4)   Mortgages.   Adequacy of Price.*

Mere inadequacy of price is not enough to impeach a sale under a mortgage, but a grossly inadequate price may be taken into account in connection with other circumstances in determining whether there has been a fair sale.

*(5)   Mortgages.   Adjournment of Sale.*

A sale having been properly advertised under a mortgage, a continuance to another place was made, with notice to all present for the purpose of affording time to ascertain whether a higher bid than had been made, could be authorized by the principals of those bidding.   At the adjournment, the last highest bid was renewed and accepted.

*Held*, that the mortgagor was not prejudiced by this action, the adjournment being in fact for his benefit, and the sale in effect was the same as if it had been completed on the premises.

BILL IN EQUITY on facts stated in opinion.   Heard on appeal from decree of superior court and dismissed.

JOHNSON, J.   This is a bill in equity brought by the Beacon Hill Land Company, a corporation located in the city of Providence in the county of Providence, and Charles Sisson of said Providence, a second mortgagee, against Walter A. Bowen, of Warwick, in the county of Kent, administrator *de bonis non* with the will annexed of Amos C. Barstow, late of said Providence, deceased, and John R. Freeman and James H. Hurley of said Providence, praying that a sale under the power contained in a first mortgage deed be declared null and void; that the respondent Walter A. Bowen, administrator, be perpetually enjoined from carrying out said sale and from making any conveyance or transfer of the premises covered by said mortgage to said James H. Hurley or his principal, John R. Freeman; that an account may be

taken of what is due to the respondent Bowen, administrator, for principal and interest on said mortgage; and that the complainant company be allowed to redeem said premises. The material facts admitted on the pleadings and established by the evidence are as follows:  The sale in question took place by virtue of a power of sale contained in a first mortgage from Lloyd A. Tillinghast to Amos C. Barstow, executed on April 2, 1894, to secure a five-year promissory note of even date therewith for thirty-five thousand dollars.  The land covered by said mortgage had been surveyed and platted in May, 1883, and the plat recorded.  The mortgage deed described the property by this plat.  In 1895, after the execution of the Barstow mortgage, a replat was made of the tract and was recorded.  By this replat a rearrangement of the streets and lots was made and the dimensions and the numbers of the lots were changed.  A copy of the replat was in the possession of the respondent Bowen.  About thirty conveyances, with releases by the said respondent have been executed since the replat in 1895, and in each instance reference has been made to the replat and not to the original plat.  Subsequent to the execution of this mortgage the equity of redemption was conveyed to the complainant, Beacon Hill Land Company, which assumed the said mortgage, and March 21, 1905, made a second mortgage for three thousand dollars to the complainant Sisson.  Amos C. Barstow, the mortgagee, died on the fifth day of September, 1894.  His executors have since deceased, and the first mortgage note and deed came into the possession of the defendant Bowen, administrator *de bonis non*, with the will annexed, and were held by him in this capacity at the time of the sale.

Interest on the Barstow note was payable semi-annually, on the second day of April and the second day of October.  The interest due on April 2, 1909, was paid and there was then due on the principal of the note the sum of $23,220.  In April and May, 1909, there was paid on the principal $3,220, leaving a balance due of $20,000.  The next interest payment

was not due until October 2, 1909.   On July 16, 1908, the complainant company executed a mortgage to the respondent Bowen for $1,000 upon other land of the complainants as a further security for the Barstow note.   This mortgage was held without being recorded until September 28, 1909. On October 26, 1909, the principal of the $1,000 note, with the interest thereon and expenses incident to an advertised sale under the mortgage securing the same, amounting to $1,126.45, was paid.   The respondent Bowen applied the $1,000 to the principal of the Barstow note, leaving the interest thereon still in arrears.   In August, 1909, the respondent Bowen advertised and sold the property, under the power of sale contained in the mortgage and the same was bid off by the respondent, John R. Freeman, for twenty-one thousand dollars.   This sale, however, was not consummated, as the respondent Bowen could not give a clear title to the property sold, there being a cloud upon the title to several of the lots caused by the change of the plat.   On February 17, 1910, the principal of the first mortgage note, then amounting to about twenty thousand dollars, was due and unpaid.   On that date the respondent Bowen again advertised the property to be sold under the power of sale contained in the mortgage, on March 16, 1910.   In the notice given of said sale the property was described as it had been described in the mortgage deed, and said description was followed by the words:  "Excepting also all lots and all ways and streets which have been released from the operation of the said mortgage; reference to said mortgage deed, said releases and said plats being hereby had."

The sale was advertised to be "at public auction on the premises, on lot No. 52, at the northeasterly corner of Emeline and Enfield streets."   On the advertised date of sale, the auctioneer and the respondents, Hurley and Bowen, and A. A. Thomas, Esq., assembled on the property at the time appointed in the advertisement.   The auctioneer thereupon asked for bids, and bids were started.   The respondent Bowen and the respondent Hurley, agent of the respondent

Freeman, gradually bid up to the sum of eighteen thousand two hundred and fifty dollars ($18,250), Hurley finally bidding this amount. The auctioneer then announced to all who were present that the sale would be continued to the office of A. A. Thomas, Esq., number 75 Westminster street, ar 2:30 o'clock on the afternoon of the same day. This continuance was made in order to ascertain whether a higher bid could be authorized by the principals of those bidding. At the time and place named the parties again met, the said bid of respondent Hurley was renewed and no further bid being made, was accepted and the property was struck off to said Hurley.

The cause was heard in the Superior Court upon amended bill, answers, replications, and testimony taken before a commissioner, and a final decree was entered in accordance with a rescript of Tanner, P. J., dismissing the bill of complaint. From this decree the complainants appealed, assigning as reasons of appeal: That the said decree is against the law, the evidence and the weight thereof in that it found (a) that the mortgage sale of March 16, 1910, of the property described in said bill, was properly made and in pursuance of the power of sale contained in the mortgage from Tillinghast to Barstow, mentioned in said bill; (b) that the advertisement of said sale contained a proper and valid description of said property; (c) that the advertisement of said sale sufficiently indicated the place of sale; (d) that said sale was held pursuant to said advertisement; (e) that said sale was legally adjourned; (f) that said sale and all matters pertaining thereto were valid and effectual in all respects.

It is claimed that the advertised notice of sale was defective in that it did not correctly describe the property to be (1) sold. The advertisement however made reference to the mortgage deed and the record thereof, and gave the same description of the property as was given in the mortgage deed. This constitutes a proper description in a notice of sale under the power in a mortgage deed. In *Fitzpatrick* v. *Fitzpatrick*, 6 R. I. 64, 73, this court, Ames, C. J., said: "The second

ground for new trial alleged in the motion, this court has before had occasion to consider in the analogous case of the advertisement by a sheriff of a sale under the levy of an execution on real estate; *Childs* v. *Ballou*, 5 R. I. Rep. 537; and we see no reason either upon principle or authority, to doubt the correctness of what is there intimated, that, in such a notice, given to call together purchasers, and to enable them to ascertain, with certainty, what is offered for sale, a description of the premises to be sold, by reference to a plat or deed on record, is sufficient. Any description which can be given will be unintelligible to one unacquainted with the locality, and the more precise, the more unintelligible; and the description of the premises in this notice, to wit, 'a lot of land, with the buildings and improvements thereon, situated in the northerly part of the city of Providence, being the lot of land numbered (10) ten on the plat of the land of Samuel Whelden, surveyed and platted by H. F. Walling, July 7th, 1845;' which plat, it is agreed, as well as the mortgage under which the sale was made was recorded, is quite as intelligible to purchasers, as any that can be imagined."

It is also claimed that the description in the advertisement was indefinite in making the exception of the lots and ways released, as follows: "Excepting also all lots and all the ways and streets that have been released from the operation of said mortgage, reference to said mortgage deed, said releases and said plats being hereby had." If the releases had been made with reference to the plat referred to in the mortgage, a reference to the numbers on said plat of the lots so released would have been clearer. There was however the difficulty that the releases had been made with reference to the numbers of the lots on the replat made since the execution of the mortgage, on which replat the ways and the lots and the numbers thereof did not correspond with those on the plat referred to in said mortgage. It appears from the testimony that a brief examination of the record was sufficient to disclose what lots and ways had been released.

The advertisement followed the description given in the

mortgage, and in indicating changes in the property gave such references to the record as would enable the reader to ascertain by a proper examination the extent thereof. This was sufficient. *Fitzpatrick* v. *Fitzpatrick, supra.*

*Loveland* v. *Clark,* 11 Colo. 265, is cited for the respondents as a case precisely in point. It is in accord with *Fitzpatrick* v. *Fitzpatrick,* as are all the cases which have come to our notice. When considered however with particular reference to the exception of the lots and ways released, it is to be observed that the exception complained of in the notice of sale in the Colorado case, *viz.:* "Excepting also all such portions of the first described lands as have been heretofore sold by the Denver Circle Real Estate Company," was contained, in the same words, in the description in the deed by which the debtor got his title, and also in the trust deed, under which the sale at auction was made.

It is contended that the place of sale was not properly stated in the notice. The language of the advertisement as to the place of sale is as follows: "Will be sold at public auction on the premises, on lot 52, at the northeasterly corner of Emeline and Enfield streets." . . . It is not contended that the designations: "On the premises" and "at the northeasterly corner of Emeline and Enfield streets," were erroneous, or that the sale did not take place on the premises, on a lot at the northeasterly corner of said streets.

(3) It is contended however that the designation "On lot 52" is erroneous, since the lot on said corner of said abovenamed streets is not lot 52 on the plat referred to in said advertisement, as made by J. A. Latham, which was the plat made before the execution of the mortgage to Barstow, but is lot 52 on the replat of the property which was made after the execution of said mortgage. The lot where those attending the sale gathered was lot 52 on said replat. The words "On lot 52" do not expressly refer to the Latham plat. Even if the words "On lot 52" must be taken to refer to the Latham plat, and therefore the advertisement is in this respect inaccurate, the inaccuracy would not be fatal unless

it in some way prejudiced the complainants. There is no evidence that any one was deterred from attending the sale by the use of these words. It appears that the intending purchasers gathered at the corner of Emeline and Enfield streets, and that no one .went to lot 52 on the Latham Plat during the time of the sale. Unless it can be said that the words "on lot 52" were clearly calculated to mislead prospective purchasers and thus injure the complainants by diminishing the number of bidders, we do not see how under the evidence they were injured thereby. It is well settled that mere non-prejudicial inaccuracies or irregularities in the notice or conduct of a sale under a power in a mortgage will not vitiate a sale. *Newman* v. *Jackson*, 12 Wheat. 570; *Colcord* v. *Bettinson*, 131 Mass. 233; *Johnson* v. *Cocks*, 37 Minn. 530; *Stevens* v. *Bond*, 44 Md. 506, 511; *Schoch* v. *Birdsall*, 48 Minn. 441, 444. It does not appear to us that the use of the words, "on lot 52" tended to mislead prospective purchasers. Persons desirous of locating the sale would do so quite as easily by reference to the corner of Emeline and Enfield streets as by reference to the lot number. While the streets on this plat were not very particularly defined, Enfield street had been brought to grade its entire length. It was parallel with Elmgrove Avenue, a street upon which there was a car line, and at its junction with Emeline street was 207.51 feet from Elmgrove Avenue, as shown by the replat introduced in evidence. The place of sale apparently was found by those who desired to find it. The testimony shows that no person appeared anywhere else on the plat at any time during the sale, except two little girls up towards Morris avenue. There is no testimony tending to show that the complainants were in any way prejudiced by the use of the words "on lot 52" in the notice of sale.

(4)     The complainants also claim that the price obtained was wholly inadequate. The property sold for $18,250. The complainants claim it was worth double or more than double that sum. The testimony of witnesses as to value is conflicting, ranging from six cents to twelve and one-half cents a

foot for the whole tract.    The price obtained was about five and one-eighth cents a foot, the tract containing 353,450 square feet.    It also appeared in evidence that repeated attempts on the part of the Beacon Hill Land Co. to obtain a loan of $18,000 on mortgage upon said land, it to pay the balance of the Barstow mortgage in cash, had been unsuccessful.    It is not, we think, generally expected that land will sell at auction under a power contained in a mortgage at a price as high as the valuation put thereon by the owner, or, perhaps, even as high as the real value.    As the court said in *Austin* v. *Hatch*, 159 Mass. 198, 199: "It is a notorious fact that, when land is sold by auction under a power contained in a mortgage, it seldom, if ever, brings a price which reaches its real value.    If this is a hardship upon a mortgagor or those claiming under him, it is owing to the contract which he has made, and which the mortgagee has a right to have carried out."    Mere inadequacy of price is not enough to impeach a sale under the power contained in a mortgage.    *Galvin* v. *Newton*, 19 R. I. 176; *Nichols* v. *Flagg*, 24 R. I. 30; *Babcock* v. *Wells*, 25 R. I. 30.    On the authority of these cases a grossly inadequate price may be taken account of in connection with other circumstances in determining whether there has been a fair sale.    No circumstances have, however, been shown in this case indicating any unfairness in the sale.

(5)    It is contended that the adjournment of the sale to the office of Mr. Thomas, 75 Westminster Street, was illegal. We think this continuance of the sale was proper.    The limit of bidding at the advertised place of sale had been reached, and the continuance was made with notice to all who were present, and was for the purpose of affording time to ascertain whether a higher bid could be authorized by the principals of those bidding.    At the time and place appointed by the auctioneer in continuing the sale, the parties again met; the bid of the respondent Hurley was renewed, and no further bid being made, was accepted, and the property was struck off to said Hurley.    There was nothing in this pro-

cedure to prejudice the complainants. In fact, it was for their benefit, as it afforded an opportunity for a higher bid for the property.

The complainants contend that published notice should have been given of said continuance. We think there is no merit in this contention. There was no time for such publication. The sale had been properly advertised as required by the terms of the mortgage. Notice of the continuance to the office of Mr. Thomas, was given to all persons present at the place advertised for the sale. We think this was sufficient, in view of the fact that the postponement was only for the purpose of securing if possible a higher bid upon the property. In *Marcus* v. *Collamore*, 168 Mass. 56, 57, the court said: "The plaintiff asked for a ruling that the sale was invalid, and argues that, when the first advertisement failed to bring anybody to the sale, it was the mortgagee's duty to advertise again as fully as before. But there is no absolute rule of law to that effect. The first advertisements are required by the mortgage; and other or further duties of the mortgagee are less defined, and are embraced under the general obligation to make reasonable efforts to prevent a sacrifice of the property." Further, we think the sale as completed was in effect the same as if it had been completed on the premises. The last bid made on the premises stood, and though renewed at the place to which the sale was continued, it is, we think, properly to be considered as the same bid, and the sale completed by the acceptance thereof is to be considered the same as if made at the place advertised. In *Richards* v. *Holmes*, 18 How. (U. S.) 143, 147, the court said: "A sale regularly adjourned so as to give notice to all persons present of the time and place to which it is adjourned is, when made, in effect the sale of which previous public notice was given."

The appeal is dismissed, the decree below is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Herbert A. Rice*, for complainants.

*John Henshaw, Arthur A. Thomas,* for Walter A. Bowen, administrator.

*Eliot G. Parkhurst, Eugene A. Kingman, Edwards & Angell,* for John R. Freeman and James H. Hurley.