[No. 8334.]

## CLARK ET AL. V. DUVALL.

1. DEED OF TRUST—*Trustee's Notice of Sale,* is sufficient if the land is described with reasonable certainty. The land being described by metes and bounds, one call was "450 W." of a certain corner, not specifying whether this distance was to be measured in feet, yards or rods; but all other courses in the description were measured in feet, and the notice gave the volume and page where the deed of trust was recorded. The notice was held sufficient. (77, 78.)

2. CONSTITUTIONAL LAW—*Section 1 of article XII* of the constitution was intended to prevent the interruption of public business, from a vacancy in a public office. (79.)

The courts will not, except in clear cases, so interpret a statute as to defeat this purpose. (79.)

Where not controlled by a statute to the contrary, the courts will not recognize the right to resign an office, where a vacancy will be produced. (79.)

Chapter 55 of the Laws of 1913 had not the effect to remove from their ex-officio capacity as public trustees, the treasurers of the counties transferred from the third to the second class, but only authorized the governor to appoint a public trustee in each of such counties. (79, 80.)

*Error to Weld District Court.* Hon. NEIL F. GRAHAM, Judge.

*Department.*

Messrs. OWEN & CLARK, and Mr. L. M. GODDARD, for plaintiffs in error.

Mr. JOSEPH C. EWING, for defendant in error.

Mr. JOHN T. JACOBS, *Amicus Curiae*.

Opinion by Mr. Justice TELLER.

The defendant in error as plaintiff below sought to recover possession of a tract of land in Weld County, this state, of which the plaintiffs in error were alleged wrongfully to withhold possession from him. The complaint alleged plaintiff's ownership through a deed from the Public Trustee of said county, on foreclosure of a deed of trust.

The plaintiffs in error assert that the sale by the trustee was void because of a defective description of the property in the notice of sale; and that the trustee's deed is void because made after the grantor therein had ceased to be the public trustee of Weld County.

The alleged defect in the description consists in the omission to state the distance of the initial point from the section corner named, the description reading: "Commencing at a point on the south line of said section 450 west of the southeast corner thereof," etc. There being no mention of feet, rods, or links, it is said that the description was so uncertain as to fail to identify the land, and so prevented a fair sale.

The notice contains the name and address of the grantor in the deed of trust, and the volume and page where the deed was recorded in the office of the County Recorder, and located the land in the south half of section 13, giving township and range. The description in the notice was, in all respects save the omission of the word "feet," identical with that in the deed of trust, which is as follows:

"Commencing at a point on the south line of said Section 450 feet west of the southeast corner thereof, thence by true bearings, variation 14°30′ east, north 43°44′ west 2,571.5 feet to the center of the Loveland and Greeley canal; thence along said canal south 41°00′ west 950 feet; thence south 59°10′ west 200 feet; thence south 69°50′ west 475

feet; thence south 27°00′ west 85 feet; thence south 10°00′ west 811 feet to the south line of said section; thence east on the south line of said section 3,198 feet to the place of beginning, containing 75 acres of land."

If it be assumed that persons who might be bidders at the sale would depend wholly upon the notice of sale for a description of the land to be sold, which is very unlikely, the fact that all the other distances are given in feet would naturally lead them to the conclusion that the point of beginning was 450 *feet* from the section corner named. Having as is now assumed, so much technical knowledge as to enable them to locate the land by the description, they could readily verify this conclusion by platting the land in accordance with this hypothesis.

However, it is far more reasonable to suppose that prospective bidders would refer to the record of the deed of trust, if they had any doubt as to the tract to be sold.

There was abundant matter in the notice from which the property could be identified by any one interested to know what land was to be sold. This court has said "reasonable certainty as all that is required. The general rule is that no particular form of notice of sale under a trust deed is required by law. It is sufficient if the description of the land is reasonably certain, so as to inform the public of the property to be sold." *Loveland v. Clark*, 11 Colo. 272, 18 Pac. 548.

Under that rule the notice in this case was sufficient. The question as to the right of the treasurer of Weld County to execute the trustee's deed arises out of the fact that prior to the taking effect of the act approved May 14th, 1913, and known as chapter 55, Laws of 1913, the treasurer of Weld County was *ex officio* Public Trustee of said county; but by the act named Weld County became a county of the second class, in which the public trustees are appointed by the governor.

Counsel for plaintiffs in error contend that the effect of the act of 1913 was to remove the County Treasurer from the office of public trustee; hence the deed which he executed in 1914 was void.

On the other hand it is urged that section 1 of article XII of the Constitution continued the treasurer in office till his successor was appointed and. qualified. That section reads,

"Every person holding any civil office under the state or any. municipality shall, unless. removed according to law, exercise the duties of his office until his successor is duly qualified."

The evident purpose of this provision is to prevent the interruption in public business which results from a vacancy in office, and courts will not, except in clear cases, interpret laws so as to defeat that purpose. For this reason courts, when not governed in their decisions by statutory provisions, do not recognize a right to resign an office when such resignation will produce a vacancy to the injury of the public.

The Constitution of Illinois contains a provision similar to the one above cited, and in a case involving the effect of a resignation of an office within said provision, it was held that the resignation did not and could not take effect, although accepted, until a successor had qualified. *Badger v. U. S. ex rel. Bolles,* 93 U. S. 599, 23 L. Ed. 991.

To hold that the office of Public Trustee, in the four counties changed from the third class to the second class by the act of 1913, was made vacant is to nullify this provision of the Constitution which was intended to prevent such vacancy. If an office does not become vacant until a successor is qualified when the purpose to vacate it is clearly evidenced by an accepted resignation, it ought not to be held that there is a vacancy when an incumbent's right to an office until his successor is qualified is defeated only by a doubtful construction of a statute.

We are of the opinion that the taking effect of the statute in question did no more than to authorize the governor to appoint Public Trustees in the counties named, and did not remove the incumbents of that office. Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concurring.

Decided February 7, A. D. 1916. Rehearing denied April 3, A. D. 1916.