Senator Harold M. McCormick State Capitol Denver, Colorado 80203
Dear Senator McCormick:
QUESTION PRESENTED AND CONCLUSION
You have requested an opinion on the question of when a newly appointed Public Utilities Commissioner commences the duties of office, as well as when the out-going commissioner ceases performing those duties.
 Under the provisions of C.R.S. 1973, 40-2-101, Public Utilities Commissioners are appointed by the Governor for six year staggered terms, with the initial appointments being made on the second Tuesday of January, 1949, 1951, and 1953. Each appointment requires the consent of the Senate (C.R.S. 1973, 40-2-101) and the appointee must take the constitutional oath of office "before entering upon the duties of his office" (C.R.S. 1973, 40-2-102).
ANALYSIS
Article XII, Section 1 of the Colorado Constitution provides in relevant part:
 Every person holding any civil office under the state or any municipality therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified; but this shall not apply to members of the general assembly, nor to members of any board or assembly, two or more of whom are elected at the same time. (Emphasis supplied.)
Since an appointed commissioner is not duly qualified until the Senate consents to the appointment and he or she takes the oath, the out-going commissioner must exercise the duties of the office until that qualification occurs even though the out-going commissioner's term may have already expired. The obvious purpose of the above-mentioned constitutional provision is to prevent the interruption in public business which results from a vacancy in office. See Clark v. Duvall, 61 Colo. 76,156 P. 144 (1916).
SUMMARY
Since an appointed commissioner of the Public Utilities Commission is not duly qualified until the Senate consents to the appointment and he or she takes the oath, the out-going commissioner must exercise the duties of the office until that qualification occurs even though the out-going commissioner's term may have already expired.
Very truly yours,
 J.D. MacFARLANE Attorney General
APPOINTMENT PUBLIC OFFICE TERM OF OFFICE PUBLIC UTILITIES
C.R.S. 1973, 40-2-101
C.R.S. 1973, 40-2-102
Colo. Const. art. XII, § 1
LEGISLATIVE BRANCH Senate REGULATORY AGENCIES, DEPT. Public Utilities Comm.
Since an appointed commissioner of the Public Utilities Commission is not duly qualified until the Senate consents to the appointment and he or she takes the oath, the out-going commissioner must exercise the duties of the office until that qualification occurs even though the out-going commissioner's term may have already expired.