RHODE ISLAND DEPOSITORS'
ECONOMIC PROTECTION
CORP.

v.

Alfred J. MACOMBER, Jr., et al.

No. 94–307–Appeal.

Supreme Court of Rhode Island.

May 22, 1995.

Peter J. Brockmann, Providence, for plaintiff.

Alfred J. Macomber, Jr., pro se.

OPINION

PER CURIAM.

This case came before the court for oral argument April 5, 1995, pursuant to an order that directed the plaintiff to show cause why the issues raised in its appeal should not be summarily decided. After hearing the arguments of counsel and the arguments of the defendants, Alfred J. Macomber, Jr. and Diane M. Macomber, (who appeared pro se) and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The plaintiff, Rhode Island Depositors' Economic Protection Corp. (DEPCO) appeals from the finding of damages on oral proof of claim made by a justice of the Superior Court on a complaint for deficiency after a foreclosure proceeding. DEPCO was the assignee of a mortgage given by Alfred J. Macomber, Jr. and his wife, Diane M. Macomber to Central Credit Union in 1990 in consideration of a loan of $153,000. After the Macombers had defaulted in payments on the mortgage, DEPCO foreclosed. It purchased the property at a mortgagee's sale (public auction) for $95,605. DEPCO filed an action seeking judgment for the deficiency due and owing on the mortgage over and above the purchase price. The defendants did not answer this action. An application for entry of default was filed but not entered by a clerk of the Superior Court. A hearing on oral proof of claim was held before a justice of the Superior Court on February 23, 1994. DEPCO submitted a document to the trial justice indicating that the appraised value of the property as of September 12, 1992 was $115,300. DEPCO further presented evidence that the purchase price at the mortgagee's sale based on DEPCO's bid was $95,605 on April 8, 1993. The trial justice ruled that DEPCO was entitled to a deficiency judgment based upon the appraised value of the property and not upon the bid price, thus awarding a judgment in the sum of $19,695 less than that claimed by DEPCO as the actual deficiency.

In a series of cases this court has determined that the amount realized at a mortgagee's sale, even when bid at less than the appraised value would not be disturbed in the absence of fraud or impropriety in connection with the sale. *Cedrone v. Warwick Federal Savings and Loan Association*, 459 A.2d 944 (R.I.1983); *Anderson v. Anderson*, 107 R.I. 202, 266 A.2d 56 (1970); *Woolley v.*

*Tougas,* 61 R.I. 434, 1 A.2d 92 (1938); *Beacon Hill Land Co. v. Bowen,* 33 R.I. 404, 82 A. 81 (1912).

In light of our prior cases on this subject, we believe that the trial justice was in error in sua sponte holding that the judgment for deficiency must be based upon the appraised value of the property as opposed to the amount bid at the sale.

For the reasons stated, plaintiff's appeal is sustained and the case is remanded to the Superior Court with directions to compute the amount of the deficiency based upon the amount bid at the mortgagee's sale together with the costs and expenses of the sale.

WEISBERGER, C.J., and MURRAY, SHEA and LEDERBERG, JJ., concur.